IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD LEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-12-790-HE |
| ) | |
| CAROLYN W. COLVIN,[1] ) | |
| Commissioner, Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Richard Lee ("Plaintiff") has brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Defendant Commissioner's final decision denying Plaintiff's application for disability insurance benefits under the Social Security Act. United States District Judge Joe Heaton referred this matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (b)(3). Upon review of the pleadings, the administrative record ("AR") and the parties' briefs, the undersigned recommends that the Commissioner's decision be reversed and the matter remanded for further proceedings.

---

[1] Effective February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as Defendant in this action.

## I.  Administrative proceedings.

In support of his June 2009 application for benefits, Plaintiff alleged that his "left drop foot/right foot" and "reconstructive right knee" became disabling as of October 2008. AR 118-120, 137. Plaintiff's claims were denied and, at his request, an Administrative Law Judge ("ALJ") conducted a September 2010 hearing where Plaintiff and his attorney appeared. AR 27-60. In his October 2010 hearing decision, the ALJ found Plaintiff has the residual functional capacity ("RFC")[2] for less than a full range of sedentary work but can perform work existing in the national economy and, accordingly, is not disabled within the meaning of the Social Security Act. AR 11-22. The Appeals Council of the Social Security Administration declined Plaintiff's request for review. AR 1-7. Plaintiff, through counsel, has sought review of the Commissioner's final decision in this Court. Doc. 1.

## II.  The ALJ's findings.

The ALJ found that Plaintiff meets the insured status requirements through December 2013, has not engaged in substantial gainful activity since October 2008, and has severe "right and left foot impairment" and "right knee dislocation with internal derangement." AR 13. These determinations are not

---

[2]  Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 404.1545(a)(1).

challenged on appeal.

The ALJ then noted in a one-sentence statement that he found "no evidence that the claimant has an impairment, or combination of impairments, that meets or medically equals any listed impairment." AR 13. The ALJ did not specify which listing he had considered. AR 13. Thereafter, upon review of the medical evidence, the ALJ found Plaintiff has the RFC to:

> lift and/or carry 10 pounds occasionally and less than 10 pounds frequently, stand and/or walk 2-3 hours out of an 8-hour workday, sit for 6-8 hours out of an 8-hour workday, occasionally climb stairs, balance, bend or stoop, kneel, crouch, crawl and avoid climb[ing] ladders, ropes and scaffolding, avoid all hazardous environments such as fast machinery, unprotected heights, driving, and pools of water due to medications, and limited to simple work due to medications.

AR 13-14. The ALJ acknowledged that this RFC reflects the ability to perform less than a full range of unskilled, sedentary work. AR 22. Nevertheless, the ALJ ultimately found that with this RFC, Plaintiff can perform work as an order clerk, clerical mailer or optical goods assembler and is not disabled within the meaning of the Social Security Act. AR 21-22.

### III.  Standard of review.

This Court is limited in its review of the Commissioner's final decision to a determination of whether the ALJ's "factual findings are supported by substantial evidence in the record and whether the correct legal standards were


applied." *Wilson v. Astrue,* 602 F.3d 1136, 1140 (10th Cir. 2010). To that end, reversal is necessary if the ALJ failed "'to provide this court with a sufficient basis to determine that appropriate legal principles have been followed.'" *Byron v. Heckler,* 742 F.2d 1232, 1235 (10th Cir. 1984) (citations omitted).

## IV. Determination of disability.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner applies a five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing five steps in detail). Under this sequential procedure, Plaintiff bears the initial burden of proving he has one or more severe impairments. *See* 20 C.F.R. § 404.1512; *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). Then, if Plaintiff makes a prima facie showing that he can no longer engage in prior work activity, the burden of proof shifts to the Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *See Turner*, 754 F.2d at 328; *Channel v. Heckler,* 747 F.2d 577, 579 (10th Cir. 1984).

## V. Plaintiff's claims of error.

While Plaintiff presents multiple claims of error on judicial review, the undersigned recommends remand because the ALJ's summarily concluded at Step 3 that Plaintiff's impairments do not meet or medically equal an unidentified listing. That conclusion constitutes legal error. Further, there are no findings which the Court can uphold which would conclusively preclude Plaintiff's qualification for meeting or medically equaling Listing 1.02 or 1.03. Accordingly, the undersigned will not address Plaintiff's remaining claims. *See Watkins v. Barnhart*, 350 F. 3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

## VI. Analysis.

At Step 3, an ALJ is required to determine whether a claimant's impairments are "'equivalent to one of a number of listed impairments that the Secretary acknowledges as so severe as to preclude substantial gainful activity.'" *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) (quotation omitted). In so doing, he must "discuss the evidence" and "explain why he found that [the claimant] was not disabled at step three." *Id.*

### A. The ALJ failed to make necessary findings.

In the present case, the ALJ failed to make the necessary findings.

5

Indeed, without even identifying which listing(s) he was considering, the ALJ made a summary conclusion that Plaintiff's impairments do not meet or medically equal a listed impairment. *See supra* § II. As Plaintiff argues, this was legal error because without the necessary findings, the Court "cannot assess whether relevant evidence adequately supports the ALJ's conclusion . . . ." *Clifton*, 79 F.3d at 1009-10; *see also Byron*, 742 F.2d at 1235 (noting that reversal is necessary where the ALJ has failed to provide a basis to determine whether correct legal principles were applied). The remaining question is whether the legal error requires reversible, or whether it is harmless.

## B. The error is not harmless.

The Commissioner urges a finding of harmless error on two grounds. First, she discusses some pieces of evidence which the ALJ could have relied upon to find that Plaintiff's impairments do not meet or medically equal Listings 1.02 (major dysfunction of a joint), 1.03 (reconstructive surgery of a major weight-bearing joint), or 1.04 (disorders of the spine). Doc. 15, at 4-6. But "[a]ffirming this post hoc effort to salvage the ALJ's decision would require [the Court] to overstep [its] institutional role and usurp essential functions committed in the first instance to the administrative process." *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004).

Second, the Commissioner argues that the ALJ's legal error is harmless

under *Fischer-Ross v. Barnhart*, 431 F.3d 729 (10th Cir. 2005). Doc. 15, at 6. In *Fischer-Ross*, the Tenth Circuit held that an ALJ's failure to discuss the evidence and explain his reasoning at Step 3 is "harmless" if "no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." 431 F.3d at 733-34. In other words, the Court must be able to locate and uphold a finding elsewhere in the opinion which "conclusively negate[s] the possibility of any finding that [Plaintiff] is presumptively disabled under the pertinent listing." *Id.* at 734-35.

The Commissioner points to the ALJ's finding at Step 2, which does not include any "severe" spinal impairments, to negate any possibility that Plaintiff's impairments can meet or medically equal Listing 1.04 (disorders of the spine). For this listing, the undersigned agrees that any error is harmless. However, the Commissioner does not specifically direct the Court to any finding which would conclusive negate the possibility that Plaintiff is presumptively disabled under Listing 1.02 (major dysfunction of a joint) or 1.03 (reconstructive surgery of a major weight-bearing joint). Doc. 15, at 5-6. And, the undersigned finds legal error in the RFC analysis and as a result those findings are insufficient for such purposes.

## C. Legal error within the RFC analysis.

Both Listing 1.02 and 1.03 require a finding that the severe impairment

has resulted in an "inability to ambulate effectively." 20 C.F.R, Part 404, Subpart P, Appendix 1 §§ 1.02, 1.03.[3] At first glance, the Plaintiff's RFC – which implicitly rejects the need for a cane – would appear to negate any possibility that Plaintiff is unable to ambulate effectively. However, the ALJ failed to discuss what affect, if any, Plaintiff's use of a cane has on his ability to work and thus the RFC cannot substitute for the Step 3 findings.

For example, Plaintiff argues that once it was determined that he was capable of less than a full range of sedentary work, the ALJ had a duty to specifically consider Plaintiff's use of a medically required hand-held device under SSR 96-9p. Doc. 13, at 13-14. The undersigned agrees with Plaintiff.

The Social Security Administration formulated SSR 96-9p to explain the policies regarding the impact of an RFC "for less than a full range of sedentary work on an individual's ability to do other work." SSR 96-9p, 1996 WL 374185, at *1. The agency explained that "[a]n RFC for less than a full range of sedentary work reflects very serious limitations resulting from an individual's medical impairment(s) and is expected to be relatively rare." *Id.* The agency further cautioned that the "impact of an RFC for less than a full range of sedentary work is especially critical for individuals who have not yet attained

---

[3] There are, of course, other requirements; however, the parties focus only on the "inability to ambulate effectively" factor. Doc. 13, at 7-8; Doc. 15, at 5-6.

age 50." *Id.* at *2. Relevant to Plaintiff's case, SSR 96-9p requires consideration of whether the claimant uses a "medically required hand-held assistive device." *Id.* at *7. To qualify as "medically required," there must be "medical documentation establishing the need for a hand-held device" and "describing the circumstances for which it is needed . . . ." *Id.* The agency notes that while an ALJ must consider the particular facts of each case, the "occupation base for an individual who must use such a device for balance because of significant involvement of both lower extremities . . . may be significantly eroded." *Id.*

The Commissioner concedes that a treating physician prescribed a cane for Plaintiff[4] but argues that SSR 96-9p "does not apply here" because the physician "did not describe the circumstances for which [the cane] was needed." Doc. 15, at 8. This argument is unpersuasive.

Plaintiff was born in 1970 and is under the age of 50. AR 118. Further, the ALJ found "severe" impairments involving *both* Plaintiff's right and left extremities and determined that he has an RFC for less than a full range of sedentary work. *See supra* § II. And, while the prescribing physician did not himself describe the circumstances for which the cane was needed, another physician noted that Plaintiff "has difficulty walking on uneven surfaces" and uses his cane "100% of the time for support and assistance with ambulating."

---

[4] *See* AR 382-84 (documenting prescription for a cane).

AR 408. Indeed, Plaintiff testified that he used his cane "all the time," "[e]verywhere, every minute of the day." AR 45.[5]

The ALJ repeatedly referenced medical evidence involving Plaintiff's use of a cane and his difficulty walking; however, he failed to recognize the physician's prescription for a cane. AR 15-19. More importantly, the ALJ never addressed whether Plaintiff's use of a cane affected his ability to perform work under SSR 96-9p. Such a discussion was particularly important in this case, as Plaintiff is under the age of 50 and his impairments affect *both* his lower extremities.[6]

As the Commissioner notes, the treating physician's lack of specificity (describing the circumstances for Plaintiff's use of the cane) might have been a basis for the ALJ to find that Plaintiff's cane is not a "medically required hand-held device" as defined in SSR 96-9p. However, the ALJ did not articulate his reasons and without any relevant discussion the Court cannot simply presume

---

[5] The ALJ concluded that Plaintiff was not entirely credible and as noted the undersigned has elected not to address Plaintiff's challenge to that finding. However, the ALJ did not specify which portions of Plaintiff's testimony he found less than credible. AR 14-21. So, it is impossible to know whether the ALJ believed Plaintiff's testimony regarding the use of his cane.

[6] Also noteworthy is the vocational expert's testimony that if Plaintiff's allegations are true, he would be unable to work. AR 58. Unfortunately, the Court does not know which of Plaintiff's allegations the ALJ found less than credible or what part of Plaintiff's testimony the vocational expert believed would preclude work.

that he applied the correct legal standards. *See Byron*, 742 F.2d at 1235; *see also Watkins*, 350 F.3d at 1301 ("We cannot simply presume the ALJ applied the correct legal standards . . . ."). Indeed, in the face of his silence, the Court cannot know whether the ALJ thoughtfully considered Plaintiff's use of a cane on his ability to work or whether he simply ignored the directives articulated in SSR 96-9p.

    **D.    Summary.**

Because the ALJ failed to discuss what affect, if any, Plaintiff's use of a cane has on his ability to perform work, the Court cannot uphold the RFC findings. Accordingly, the RFC findings are insufficient to conclusively negate a finding that Plaintiff is unable to ambulate effectively for purposes of meeting or medically equaling Listing 1.02 or 1.03. Thus, the Court cannot find harmless the ALJ's failure to discuss the evidence and explain his Step 3 findings and reversal is warranted. *See Murdock v. Astrue*, 458 Fed. Appx. 702, 705 (10th Cir. 2012) ("Because there are no findings elsewhere in the ALJ's decision that 'conclusively preclude Claimant's qualifications under the listings at step three' such that 'no reasonable factfinder could conclude otherwise,' the ALJ's error [in failing to discuss the evidence or explain his analysis at Step 3] is not harmless." (citations omitted)); *Butts v. Astrue*, No. 11-cv-01225-MSK, 2013 WL 490933, at *7 (D. Colo. Feb. 6, 2013) (unpublished district court order) ("Given this

uncertainty [in the reliance of the RFC assessment], the Court cannot conclude that the ALJ's Step 4 analysis sufficiently confirms 'the Step 3 determination under review.'" (bracket and citation omitted)).

## VII. Recommendation and notice of right to object.

The ALJ's failure at Step 3 to discuss the evidence or explain his findings is legal error and there are no findings which the Court can uphold that would conclusively preclude Plaintiff's qualification for meeting or medically equaling Listing 1.02 or 1.03. Accordingly, it is recommended that the Commissioner's decision be reversed and the matter remanded for further proceedings.

The parties are advised of their right to object to this Report and Recommendation by the19th day of May, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 29th day of April, 2013.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE